UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALVIN J. PORTE | * | CIVIL ACTION NO: |
| | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | MAGISTRATE DIV.: |
| ILLINOIS CENTRAL RAILROAD COMPANY | * | |
| | * | JURY TRIAL REQUESTED |

*********************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Alvin J. Porte, a person of full age of majority residing in the Parish of St. Tammany, State of Louisiana, who makes the following averments of fact:

1. This Honorable Court possesses federal question jurisdiction by virtue of 28 U.S.C. § 1331, as this claim arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq*.

2. Venue is proper in the Eastern District of Louisiana as this geographic district is where the cause of action(s) arose and/or accrued, and Defendant, Illinois Central Railroad Company [hereinafter "ICRC"], at all times mentioned herein was doing business in the Eastern District of Louisiana as a common carrier engaged in interstate commerce.

3. This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*., commonly referred to as FELA, to recover damages for personal injuries sustained by the Plaintiff in the line of duty while he was employed as a railroad carman/mechanic by the Defendant, ICRC, in its Mechanical Department and while engaged in interstate commerce.

1

4. At all times material herein Defendant, ICRC, was and is a corporation organized and existing according to law, conducting business as a common carrier by railroad in and through interstate commerce with facilities, tracks, and employees located in and through the numerous states, including the State of Louisiana where Plaintiff's injuries occurred.

5. Defendant, ICRC, is liable unto Plaintiff, Alvin Porte, for all of the damages he sustained as a result of the negligence, carelessness, and/or recklessness that ICRC committed, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6. Plaintiff was hired by ICRC's predecessor-in-interest, the Gulf Mobile & Ohio Railroad Company in 1963 and worked for ICRC and its predecessor for approximately 14 years as a carman/mechanic in ICRC's Canal Yard and Mays Yard.

7. At all times pertinent hereto, Plaintiff was an employee of ICRC whose work required him to be regularly exposed to the known hazardous chemical, Carbon Tetrachloride. Specifically, ICRC required Plaintiff to use Carbon Tetrachloride, which was stored in 55 gallon drums, to clean rail car braking systems. During his use of this chemical, Plaintiff was directly exposed to Carbon Tetrachloride, through inhalation and direct skin contact, directly causing injury through his contact with this hazardous and carcinogenic chemical.

8. At no time did ICRC ever notify the Plaintiff about the substances, specifically Carbon Tetrachloride, which ICRC exposed him to, nor did ICRC give any warning, protection, or safety equipment to guard against the hazardous exposures mandated by ICRC.

9. At all times pertinent hereto, ICRC knew and specifically possessed medical and scientific data and other knowledge that clearly demonstrated that exposure to the chemical products to which Plaintiff was exposed was hazardous to his health and safety. ICRC had

2

specific prior knowledge that there was a high risk of injury or death attributable to exposure to said chemical products, including, but not limited to, the development of kidney cancer. This knowledge was obtained, in part from scientific studies and medical data to which the ICRC had access, possession and knowledge through its management, claims officials, and/or medical department when it had physicians working in house for it who were experienced as industrial chemical exposure specialists.

10. As a direct result of his exposure to Carbon Tetrachloride, without any lack of care on his part, Plaintiff contracted kidney cancer related to such exposure.

11. Plaintiff was totally unaware of his latent and deteriorating medical condition until diagnosed as suffering from kidney cancer in July of 2014.

12. In addition, Plaintiff's first knowledge that his kidney cancer could be related to his railroad employment and his exposure to Carbon Tetrachloride was in the year 2016.

13. The injuries sustained by Plaintiff and the resulting damages came as a result, in whole or in part, of the negligence of Defendant ICRC, its officers, employees, and agents, and in violation of the FELA, 45 U.S.C. § 51 et seq. Defendant, by and through its duly authorized agents, breached this duty to Plaintiff by:

>
> A. Failing to furnish and maintain a reasonably safe place to work when Plaintiff was required to go on the property of Defendant and others where he was exposed to hazardous and carcinogenic chemicals without proper protective equipment.
>
> B. Failing to inspect for, determine and/or monitor levels of hazardous and carcinogenic chemicals at its facilities or at the facilities of third parties.
>
> C. Failing to inform and warn Plaintiff of dangers associated with exposure to hazardous and carcinogenic chemicals.
>
> D. Failing to warn Plaintiff of the true nature and hazardous effects of the dust, fumes, and other products he was inhaling while on duty for it.

E. Commencing and continuation of operations which were under its control and supervision when it knew, or should have known that such operations would cause Plaintiff to be exposed to hazardous and carcinogenic chemical products without reasonably safe protection.

F. Concealing the hazardous nature of chemical products from Plaintiff.

G. Failing to provide Plaintiff with safe and proper ventilation systems in the railroad facilities and locomotive engines he was required to operate.

H. Allowing unsafe practices to become standard practice.

I. Failing to periodically inspect its locomotives, boilers and their appurtenances in order to ascertain any contamination by toxic and/or other harmful materials.

J. Failing to limit access to areas where these harmful materials were being used.

K. Failing to institute and/or enforce safety procedures and plans for adequate protection of Plaintiff.

L. Failing to provide Plaintiff with medical and scientific information as to the true nature of the hazards associated with exposure to the chemicals to which he was caused and/or allowed to be exposed.

M. Failing to initiate and maintain any type of medical monitoring program for the benefit of Plaintiff in determining his well-being after the aforesaid exposures and for the purpose of early detection of cancer and other life threatening illnesses.

N. In all other ways which may be shown upon the trial of this matter.

14. As a result, in whole or in part, of the foregoing negligence of Defendant ICRC and its agents, in violation of the FELA, Plaintiff, Alvin Porte, suffered personal injury, great pain, extreme anxiety, and he truly knows his injuries and disability are permanent and life threatening, his enjoyment of life has been terminated, and his anticipated life expectancy has been greatly diminished.

15. As a direct result of the negligence of Defendant, Plaintiff has been forced to incur medical expenses for doctors, hospitals, drugs, and health care services, and he will be forced to incur additional expenses in the future in an effort to treat his debilitating and fatal disease.

16. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

   A. Physical Pain and Suffering, Past and Future;

   B. Mental Pain and Suffering, Past and Future;

   C. Permanent Disability;

   D. Loss of Enjoyment of Life;

   E. Unpaid Past and Future Medical Expenses;

17. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

18. Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Alvin Porte, prays that Defendant, ICRC, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Alvin Porte, and against the Defendant, ICRC, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Date:  June 8, 2017

                              Respectfully Submitted,

                              **DAVIS, SAUNDERS, MILLER & ODEN, PLC**

BY:   */s/ Joseph M. Miller*
        **JOSEPH M. MILLER #30636**
        **BENJAMIN B. SAUNDERS #11733**
        **CARISA GERMAN-ODEN #31463**
        400 Mariners Plaza Drive, Suite 401
        Mandeville, Louisiana  70448
        Telephone: (985) 612-3070
        Facsimile:  (985) 612-3072

**Service to:**
Illinois Central Railroad Company
c/o Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana 70802