UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ALVIN J. PORTE | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-5657 |
| ILLINOIS CENTRAL RAILROAD COMPANY | SECTION: "B"(5) |

## ORDER AND REASONS

Before the Court is Defendant Illinois Central Railroad Company's Motion for Summary Judgment (Rec. Doc. 18) and Plaintiff Alvin J. Porte's Memorandum in Opposition (Rec. Doc. 30). For the reasons discussed below,

**IT IS ORDERED** that the Motion (Rec. Doc. 18) is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of Louisiana who worked for Defendant's predecessor-in-interest for approximately 14 years as a railroad carman/mechanic. *See* Rec. Doc. 1 at 2. Defendant is a corporation conducting business as a common carrier by railroad in numerous states, including Louisiana. *See id*.

Plaintiff started his employment in 1963, working as a carman from 1964 to 1971. *See id.; see also* Rec. Doc. 30 at 1. Plaintiff alleges that his work required him to be regularly exposed to Carbon Tetrachloride, a "hazardous and carcinogenic chemical." *See* Rec. Doc. 1 at 2. The chemical was stored in 55 gallon drums and used to clean rail car braking systems. *See id*. Defendant never

1

notified Plaintiff about the chemical or any other substance it was exposing him to, nor did Defendant give any warnings or supply any protections to guard against the "hazardous exposures." *See id*. Through inhalation and direct skin contact of the chemical, Plaintiff contracted kidney cancer[1]. *See id*. Plaintiff learned of his condition in July 2014 and realized that it could be related to his railroad employment in 2016. *See id*. at 3.

On June 8, 2017, Plaintiff filed his complaint under FELA, 45 U.S.C. § 51, to recover damages for the personal injuries he sustained in the line of duty. *See id*. at 1. On July 05, 2017, Defendant filed its answer, denying Plaintiff's allegations and asserting affirmative defenses. *See* Rec. Doc. 4. Since then, Defendant has filed four motions to preclude certain arguments, issues, and testimony at trial. *See* Rec. Doc. Nos. 15, 16, 17, 31. Specifically, Defendant seeks to exclude Plaintiff's expert testimony on breach of duty and causation. *See id*. Plaintiff submitted an opposition to each those motions. *See* Rec. Doc. Nos. 27, 28, 29.

On August 7, 2018, Defendant file its motion for summary judgment. *See* Rec. Doc. 18. On August 14, 2018, Plaintiff replied in opposition. *See* Rec. Doc. 30.

---

[1] Specifically, Plaintiff was diagnosed with renal cell carcinoma. *See* Rec. Doc. 30 at 3.

**LAW AND ANALYSIS**

FELA, 45 U.S.C. § 51, authorizes railroad employees to recover damages from their employer for "injury or death resulting in whole or in part from the railroad's negligence." 45 U.S.C. § 51. Specifically, the statute, in pertinent part, states that:

> every common carrier by railroad while engaging in [interstate] commerce . . . shall be liable for damages to any person suffering injury while he is employed by such carrier in such commerce . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. *Id.*

The statute is the exclusive remedy for railroad employees injured due to the negligence of the railroad. *See Huffman v. Union Pac. R.R.*, 675 F.3d 412, 416 (5th Cir. 2012).

To prevail under FELA, 45 U.S.C. § 51, a plaintiff must show that (1) the defendant is a common carrier by railroad engaged in interstate commerce; (2) he was employed by the defendant with duties advancing such commerce; (3) his injuries were sustained while he was so employed; and (4) his injuries resulted from the defendant's negligence. *See Smith v. Med. & Surgical Clinic Ass'n*, 118 F.3d 416, 419 (5th Cir. 1997). The third and fourth elements are at issue in this action.

In a FELA case, the standard for establishing negligence liability is relaxed. *See Howard v. Canadian National/Illinois Central R.R.*, 233 Fed. Appx. 356, 357 (5th Cir. 2007) ("A

3

plaintiff's burden of proof is a featherweight."). The statute, in its departure from traditional negligence principles, allows FELA plaintiffs to recover easier than traditional negligence plaintiffs. *See McCormick v. New Orleans Pub. Belt R.R. Common*, 2017 U.S. Dist. LEXIS 79299 *6 (2017). Railroads, under FELA, are liable for an employee's injuries no matter how small of a part they played in the occurrence of the injury. *See id.* (stating that the causal standard in FELA cases is "very low" when compared to the traditional proximate cause standard).

When the non-moving party in a case is a FELA plaintiff, the rules concerning summary judgment are different. *See Kan. City S. Ry. Co. v. Nichols Constr. Co., L.L.C.*, 574 F. Supp. 2d 590, 594 (E. D. La. 2008). Summary judgment can be survived by offering evidence that would be insufficient in a conventional civil case. *See id.* It cannot be survived by the offering of no evidence. *See id.* A FELA plaintiff still must show some evidence that his employer's negligence played some part, even if only a slight part, in causing his injury. *See id*. at 595; *see also Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506 (1957) ("Although the evidence required to establish causation in a FELA action is less than that required in an ordinary negligence action, the plaintiff must still make some showing that a causal relationship existed."). "The tried and true showing of a 'genuine issue of material fact' is not required of a FELA plaintiff seeking to survive summary judgment."

4

*Kan. City S. Ry. Co.*, 574 F. Supp. 2d at 596. A plaintiff's FELA claim should not be dismissed unless "there is a complete absence of probative facts supporting the plaintiff's position." *Rivera v. Union Pac. R.R.*, 378 F.3d 502, 506 (5th Cir. 2004); *see also Wooden v. Missouri P. R. Co.*, 862 F.2d 560, 561 (5th Cir. 1989).

In the plaintiff's efforts to support its position, expert testimony is generally not needed. *See Huffman*, 675 F.3d at 419. However, that "general rule gives way" when conclusions as to the evidence cannot be reached based on the everyday experiences of jurors. *See id*. In that situation, expert testimony is likely necessary to evaluate the issue. *See id*. For example, expert testimony is likely to be necessary in a FELA case involving a railroad employee and osteoarthritis but not in a traditional negligence case involving a car accident passenger and a broken limb. *See id.* citing to *Moody v. Maine C.R. Co.*, 823 F.2d 693, 695-96 (1st Cir. 1987); *see also Zolna v. Conrail*, 2005 U.S. Dist. LEXIS 37084 (W. D. Pa. 2005)[2].

---

[2] In this case, the court granted defendant's summary judgment because plaintiff failed to offer any expert testimony demonstrating causation of his injuries. Specifically, the court stated that:
> However, in respect to proving causation in the case *sub judice*, the Plaintiff's personal knowledge does not extend beyond what substances he came into contact with or inhaled. It has not been presented that the Plaintiff is personally aware of the dosage of various toxins he may have ingested. Beyond that, it has not been presented that it is within the Plaintiff's personal knowledge as to how such possible dosages resulted in the physical injuries he has related in his Complaint. This is so because the Plaintiff is not a medical doctor, toxicologist, epidemiologist or expert in the subjects of measuring the dosage of toxins or the resulting effects of specific dosages of toxins upon the human body. Such subjects are beyond the knowledge of laymen who are not trained in and do

Expert testimony, specifically its admissibility, is governed by Rule 702 of Federal Rules of Evidence. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993). To be admitted, the expert's testimony must be reliable, meaning that it must be based on scientific methods, and must be relevant, meaning that it must be able to be properly applied to the facts at issue. *See id.; Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998).

Here, Plaintiff survives summary judgment because there is not a complete absence of probative facts supporting his position as his experts offer helpful testimony that should not be excluded. Plaintiff brought his action under FELA, 45 U.S.C. § 51, to recover for injuries that he alleges occurred as a result of his exposure to Carbon Tetrachloride during work for Defendant. Because of the complexity involved with linking Plaintiff's hazardous occupational exposure to his contraction of kidney cancer, Plaintiff is required to offer expert testimony. Specifically, Plaintiff must offer his testimony and expert testimony regarding injury and causation elements. *See Claar v. Burlington Northern R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994) (noting that summary judgment is appropriate in the absence of expert testimony that is necessary to prove an injury claimed under FELA).

---

not work in these fields of study. The need for expert testimony in the case *sub judice* as to this information is clear.

Plaintiff's experts, Dr. Rose and Dr. Saux, appear to be experts with reliable and relevant information. Dr. Rose is a consulting industrial hygiene engineer with over 50 years of experience in occupational safety and health. *See* Rec. Doc. 30-7 at 1. He states that he has "expert knowledge" of the diseases and harmful effects caused by occupational exposure to harmful substances, including Carbon Tetrachloride. *See id*. at 2. He also states that Defendant or its predecessor should have implemented protective procedures, researched the hazards of working with Carbon Tetrachloride, and shared such information with it employees. *See id*. Dr. Saux is an internal medicine physician, with experience with kidney cancer. Dr. Saux states that Carbon Tetrachloride contributed to Plaintiff's development of renal cell carcinoma cancer. *See* Rec. Doc. 29-3 at 2-5. He bases his conclusion on Plaintiff's statements, and "published data." *See id.* at 4. Further, separately filed rulings were made that denied Defendant's motion to exclude Plaintiff's experts.

With these two as experts, Plaintiff clearly meets his low standard. Without these two, clarity fades. It is unlikely that Plaintiff testimony, co-worker testimony, or other layman testimony will suffice on their own. However, Plaintiff disclosed four other medical providers to render expert testimony at trial in its Rule 26 expert reports disclosure. *See* Rec. Doc. 18-5 at 2-3. If Dr. Rose and Dr. Saux are excluded, those four

experts remain and Plaintiff may still meet his low standard and survive summary judgment. The disclosure is silent on exactly what topics these experts would offer testimony on. If they can speak reliably and relevantly to causation, Plaintiff may reach the above noted low standard for surviving summary disposition in this FELA action.

New Orleans, Louisiana, this 14th day of September, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE